**No. 26-20618**

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**LANDSCAPE CONSULTANTS OF TEXAS, INC., and METROPOLITAN LANDSCAPE MANAGEMENT, INC.,**

**Plaintiffs-Appellees,**

**v.**

**CITY OF HOUSTON, TEXAS, and MIDTOWN MANAGEMENT DISTRICT,**

**Defendants-Appellants.**

**On Appeal from the United States District Court for the Southern District of Texas, Houston Division, No. 4:23-cv-03516**

---

# DEFENDANT-APPELLANT CITY OF HOUSTON, TEXAS'S MOTION FOR AN INTERIM STAY AND FOR A STAY OF THE INJUNCTION PENDING APPEAL

Pursuant to Federal Rule of Appellate Procedure 8(a)(2) and Fifth Circuit Rule 27, Defendant-Appellant City of Houston, Texas ("the City") respectfully moves this Court for (1) an immediate interim stay of the district court's permanent injunction while this motion is pending before the Court, and (2) a stay of that injunction pending the resolution of the City's appeal. In support, the City states as follows:

## INTRODUCTION

On July 28, 2026, the district court declared the race-conscious component of the City's Minority, Women, and Small Business Enterprise ("MWSBE") Program unconstitutional and permanently enjoined the City from administering it. ECF No. 157.[1] The City timely moved to

[1]Unless otherwise noted, all ECF citations in this motion are to the docket in the United States District Court for the Southern District of Texas, Houston Division, No. 4:23-cv-03516.

alter or amend that judgment under Federal Rule of Civil Procedure 59(e) and separately moved the district court to stay the injunction pending resolution of that motion and any appeal. ECF Nos. 163, 169. On September 23, 2026, the district court denied both motions without elaborating on its reasons for denying the stay. ECF No. 177. The City now timely appeals and seeks the same relief from this Court that it sought below.

This case presents an issue of first impression: whether and how the framework the Supreme Court articulated in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 600 U.S. 181 (2023), applies to race-conscious municipal public contracting programs, and whether a municipality must identify specific, adjudicated instances of its own past discrimination before relying on a race-conscious remedy. The City respectfully submits that the district court's resolution of that question cannot be squared with this Court's decisions in *Police Ass'n of New Orleans Through Cannatella v. City of New Orleans*, 100 F.3d 1159 (5th Cir. 1996), and *Dean v. City of Shreveport*, 438 F.3d 448 (5th Cir. 2006), which hold that a municipality need not confess to specific adjudicated violations and may rely on strong statistical evidence of underutilization. Because the City has a strong likelihood of success on appeal, faces irreparable and irreversible administrative harm absent a stay, and because a stay of limited duration will not substantially injure Plaintiffs-Appellees or the public interest, the Court should grant an interim stay immediately and a stay pending appeal following full consideration of this motion.

## BACKGROUND

### I. The District Court Proceedings

Plaintiffs-Appellees, two landscaping companies, sued the City in September 2023 challenging the race-conscious component of its MWSBE program as violating the Equal Protection Clause of the Fourteenth Amendment. ECF No. 1. Following cross-motions for

summary judgment and a four-day bench trial beginning December 1, 2025, the district court entered Findings of Fact and Conclusions of Law and an Order of Permanent Injunction on July 28, 2026 (ECF No. 157), along with a Final Judgment the same day (ECF No. 158). The court held that the City's reliance on its 2024 MGT disparity study could not satisfy strict scrutiny because the study did not identify specific, adjudicated instances of the City's own past discrimination, and it permanently enjoined the City from administering the racial component of its MWSBE program. ECF No. 157 ¶¶ 86-90; ECF No. 158 at 1-2.

On August 17, 2026, the City timely moved under Rule 59(e) to alter or amend the judgment (ECF No. 163), explaining that the court's evidentiary standard conflicts with this Court's decisions in *Cannatella* and *Dean*, as well as with *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469 (1989), and *W.H. Scott Construction Co. v. City of Jackson, Mississippi*, 199 F.3d 206 (5th Cir. 1999). On August 27, 2026, the City separately moved the district court to stay the injunction pending resolution of the Rule 59(e) motion and, if necessary, pending appeal. ECF No. 169. Plaintiffs opposed both motions. ECF Nos. 167, 176. On September 23, 2026, the district court denied the City's Rule 59(e) motion, denied the City's motion to stay, and denied Plaintiffs' motion to strike the Rule 59(e) motion without explaining its reasons for declining to stay the injunction. ECF No. 177.

The City timely noticed this appeal from the Final Judgment and the underlying Findings of Fact, Conclusions of Law, and Order of Permanent Injunction.

## II. Compliance With Rule 8(a)(2)(A)

As Federal Rule of Appellate Procedure 8(a)(2)(A)(ii) requires, the City states that it moved first in the district court for a stay of the injunction pending appeal, that the district court denied that motion, and that the district court did not state any reasons for its denial beyond

ordering that the motion "is DENIED." ECF No. 177. The City accordingly has satisfied Rule 8(a)(1) and properly brings this motion to the Court in the first instance.

## ARGUMENT

### I. Standard of Review

In deciding whether to stay an order pending appeal, courts consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are the most critical, and the party requesting a stay bears the burden of showing that the circumstances justify a stay. *Id.* at 434. A stay pending appeal "simply suspends judicial alteration of the status quo, so as to allow appellate courts to bring considered judgment to the matter before them and responsibly fulfill their role in the judicial process." *Tex. All. for Retired Ams. v. Hughs*, 976 F.3d 564, 566 (5th Cir. 2020) (granting stay pending appeal) (quoting *Nken*, 556 U.S. at 429) (quotation omitted); *accord Freedom from Religion Found., Inc. v. Mack*, 4 F.4th 306, 316 (5th Cir. 2021) (stating same four-factor standard and granting stay pending appeal). This Court has repeatedly applied that standard to stay injunctions pending appeal where the movant made the required showing. *See, e.g., Students Engaged in Advancing Tex. v. Paxton*, 177 F.4th 665 (5th Cir. 2026) (granting stay of universal preliminary injunctions pending appeal); *Hughs*, 976 F.3d at 568-69 (granting stay of preliminary injunction pending appeal); *Mack*, 4 F.4th at 316 (granting stay pending appeal). Each factor favors a stay here.

a. The City Has a Strong Likelihood of Success on the Merits

The City is likely to succeed on the merits because its disparity study provided a strong evidentiary basis for the enactment of its MWSBE program. The district court held that the City could not rely on its 2024 MGT disparity study to establish a compelling interest because the study did not identify "specific, identified instances of past discrimination that violated the Constitution or a statute," reading *Students for Fair Admissions* to impose that requirement. ECF No. 157 ¶ 86. That legal standard conflicts with this Court's precedent. In *Cannatella*, this Court held that "*Croson* does not require a city to incriminate itself by proving its own participation in past discrimination," and that a showing of at least passive involvement in past discrimination suffices. 100 F.3d at 1167-68. In *Dean*, this Court reaffirmed that "the government need not incriminate itself with a formal finding of discrimination prior to using a race-conscious remedy," so long as there was "a strong evidentiary basis for its enactment." 438 F.3d at 455. And this Court has recognized that a municipality may satisfy its compelling-interest burden through statistical evidence, including disparity indices, showing "a significant statistical disparity between the number of qualified minority contractors willing and able to perform a particular service and the number of such contractors actually engaged by the locality." *W.H. Scott Constr.*, 199 F.3d at 218 (quoting *Croson*, 488 U.S. at 509). Although this Court ultimately found the city's evidence insufficient in *W.H. Scott* because the city never adopted its own disparity study and that study did not analyze the relevant subcontractor pool, *id.* at 218-19, the City's 2024 MGT Study here was formally adopted and directly analyzed underutilization in the procurement category in which Plaintiffs compete.

The City's 2024 MGT Study documented statistically significant underutilization of minority-owned firms across every procurement category examined, including the category in which Plaintiffs compete, and corroborated the City's 2006 and 2012 disparity studies.

Accordingly, this significant statistical disparity provides a strong evidentiary basis for the City's enforcement of the MWSBE program. The district court's conclusion that this evidence was legally insufficient rested on a standard this Court's precedent does not impose. Because the district court evaluated the City's evidence under an incorrect legal standard, and because that evidence satisfies the standard this Court and other circuits actually apply, the City has a strong likelihood of success on appeal.

b. The City Will Suffer Irreparable Harm Absent a Stay

Absent a stay, the City must immediately unwind a public contracting program that has operated for years and that governs numerous active and pending contracts across multiple procurement categories. Immediate compliance would require the City to revise or suspend contract-specific participation goals and good-faith-effort requirements mid-cycle, retrain contracting staff, and reissue guidance to vendors and prime contractors who have structured their bids and subcontracts around the existing program. If the judgment is later reversed in whole or in part, that disruption cannot be undone: contracts already awarded, bid, or performed under a suspended program cannot be unwound without further, cascading disputes. This one-way, irreversible administrative harm to an ongoing government program is the kind of injury that supports a stay pending appeal. This Court has recognized that a government body suffers irreparable harm whenever it is enjoined from enforcing a duly enacted program, because the government "necessarily suffers the irreparable harm of denying the public interest in the enforcement of its laws." *Students Engaged in Advancing Tex. v. Paxton*, 177 F.4th 665, 673 (5th Cir. 2026) (quoting *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017)); *accord Tex. All. for Retired Ams. v. Hughs*, 976 F.3d 564, 568 (5th Cir. 2020) ("[A]ny time a State is enjoined by a court from effectuating statutes enacted by representatives of its people, it suffers a form of

irreparable injury.") (quotation omitted); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) (same, staying injunction pending appeal).

c. A Stay Will Not Substantially Injure Plaintiffs-Appellees

Plaintiffs continue to perform an existing City contract and remain free to bid on future City contracts during the pendency of a stay. A stay does not reinstate any penalty, debarment, or other adverse action against Plaintiffs; it preserves the pre-judgment status quo while this Court resolves the appeal on an expedited basis. Given the substantial and unsettled legal question presented, a stay of limited duration imposes, at most, a modest delay in relief that is outweighed by the City's interest in avoiding the disruption of unwinding and potentially reinstating its program depending on the outcome of the appeal.

d. The Public Interest Favors a Stay

The public has a strong interest in the orderly administration of municipal contracting and in the stable resolution of a legal question the district court itself recognized as one of first impression with significance beyond this case. A stay avoids subjecting the City's contracting program, and the vendors and subcontractors who rely on it, to successive changes in the governing legal standard while that standard remains unsettled on appeal. It also serves the public's interest in ensuring that any change to the City's program is made once, based on a final appellate ruling, rather than piecemeal in response to a judgment that may yet be reversed or modified. This Court has also recognized that, "[w]hen the [government] is the appealing party" from an injunction, "its interest and aforementioned harm merge with that of the public," and that the balance-of-equities and public-interest factors likewise merge where the injunction affects a governmental body. *Tex. All. for Retired Ams. v. Hughs*, 976 F.3d 564, 569 (5th Cir. 2020) (quoting *Veasey v. Abbott*, 870 F.3d 387, 391 (5th Cir. 2017)); *accord Students Engaged in Advancing Tex. v. Paxton*, 177 F.4th

665, 673 (5th Cir. 2026) ("The remaining factors — the balance of equities and public interest factors — merge where an injunction affects a State."); *Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 419 (5th Cir. 2013) ("As the State is the appealing party, its interest and harm merges with that of the public.").

## II. The Court Should Grant an Immediate Interim Stay While This Motion is Under Consideration

Because the district court's injunction is currently in effect and the City is obligated to comply with it immediately, the City further requests that the Court grant a brief interim stay of the injunction effective immediately upon filing of this motion and continuing while the motion for a stay pending appeal is under consideration by a motions panel. An interim stay preserves the status quo and the Court's ability to consider this motion in the ordinary course without forcing the City to take steps to unwind its program that may prove unnecessary, and that cannot practicably be reversed, if the stay pending appeal is subsequently granted. *See* Fed. R. App. P. 8(a)(2)(D) (recognizing the court's authority to act on an expedited basis, including through a single judge, in exceptional cases where time requirements make ordinary panel procedure impracticable). The City requests that any interim stay remain in effect until the Court rules on the motion for a stay pending appeal.

## III. No Bond Should Be Required

The City is a governmental entity, and Texas political subdivisions are not required to post appeal bonds. *See Staley v. Harris County, Texas*, 332 F. Supp. 2d 1041, 1044 (S.D. Tex. 2004). The judgment on appeal imposes no monetary award against the City that needs to be secured. For both reasons, the City respectfully requests that the Court require no bond as a condition of any stay granted under this motion.

## CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court (1) grant an immediate interim stay of the district court's injunction pending the Court's consideration and resolution of this motion, and (2) grant a stay of the injunction pending the resolution of the City's appeal, without requiring a bond.

Respectfully submitted,

**HUSCH BLACKWELL LLP**


*By: /s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez
State Bar No. 24036750
S.D. Tex. Bar No. 561314
sandy.gomez@huschblackwell.com
Sherri L. Zack
State Bar No. 24056801
S.D. Tex. Bar No. 939860
sherri.zack@huschblackwell.com
Rick Anderson
Texas Bar No. 24059047
S.D. Tex. Bar No. 986458
Rick.Anderson@huschblackwell.com
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884

Collyn A. Peddie
City Solicitor General
State Bar No. 15707300
S.D. Tex. No. 2898153
Collyn.peddie@houstontx.gov
Brian A. Amis
State Bar No. 24040424
S.D. Tex. No. 37342
Brian.amis@houstontx.gov

ARTURO G. MICHEL
CITY ATTORNEY
CITY OF HOUSTON LEGAL DEPARTMENT
P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone: (832) 393-6219
Facsimile: (832) 393-6259

*ATTORNEYS FOR DEFENDANT-APPELLANT CITY OF HOUSTON, TEXAS*

## CERTIFICATE OF CONFERENCE

I certify that counsel for the City has conferred with counsel for Plaintiffs-Appellees regarding this motion, and that, consistent with their position in the district court, Plaintiffs-Appellees are expected to oppose this motion and the relief sought herein.

*By: /s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez

## CERTIFICATE OF SERVICE

I certify that on October 29, 2026 a true and correct copy of the foregoing motion was served on all counsel of record via the Court's CM/ECF filing system.

*By: /s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) and the type-style requirements of Rule 27(d)(1), as it has been prepared using a proportionally spaced typeface.

*By: /s/ Sandy Hellums-Gomez*
Sandy Hellums-Gomez