Case No. 26-20618

**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

LANDSCAPE CONSULTANTS OF TEXAS, INCORPORATED; METROPOLITAN LANDSCAPE MANAGEMENT, INCORPORATED,

Plaintiffs – Appellees/Cross-Appellants,

v.

CITY OF HOUSTON, TEXAS,

Defendant – Appellant/Cross-Appellee.

On Appeal from the United States District Court
for the Central District of California
Case No. 4:23-CV-3516
The Honorable David Hittner, United States District Judge

# PLAINTIFFS-APPELLEES' OPPOSITION TO DEFENDANT-APPELLANT CITY OF HOUSTON'S MOTION FOR AN INTERIM STAY AND FOR A STAY OF THE INJUNCTION PENDING APPEAL

DEAN M. MCGEE
Pacific Legal Foundation
3100 Clarendon Blvd., Ste. 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
DMcGee@pacificlegal.org

ERIN E. WILCOX
JOSHUA P. THOMPSON
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
EWilcox@pacificlegal.org
JThompson@pacificlegal.org

*Attorneys for Plaintiffs–Appellees / Cross-Appellants*

## CERTIFICATE OF INTERESTED PARTIES

**Case No. 26-20618**
***Landscape Consultants of Texas Inc., et al. v. City of Houston***

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

**Plaintiffs – Appellees/Cross-Appellants:**

Landscape Consultants of Texas, Incorporated;
Metropolitan Landscape Management, Incorporated

**Plaintiffs – Appellees/Cross-Appellants' Counsel:**

Erin E. Wilcox
Joshua P. Thompson
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
EWilcox@pacificlegal.org
JThompson@pacificlegal.org

Dean M. McGee
Pacific Legal Foundation
3100 Clarendon Blvd., Ste. 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
DMcGee@pacificlegal.org

**Defendant – Appellant/Cross-Appellee:**

City of Houston, Texas

**Defendant – Appellant/Cross-Appellee's Counsel:**

Sandy Hellums-Gomez
Sherri Zack
Spencer Tolson
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884
sandy.gomez@huschblackwell.com
sherri.zack@huschblackwell.com
spencer.tolson@huschblackwell.com

**Defendant City of Houston District Court Counsel**:

ARTURO G. MICHEL
City Attorney
BRIAN A. AMIS
Chief, General Litigation Section

Collyn A. Peddie*
City Solicitor General
Brian A. Amis
Sr. Assistant City Attorney
City of Houston Legal Department
Lori Yount
Senior Assistant City Attorney
Darah Eckert
Senior Asst. City Attorney, General Litigation Section

---

* Attorneys Collyn Peddie, Brian Amis, and Rick Anderson have not yet appeared as counsel for Defendant-Appellant/Cross-Appellee, however, they are listed as signees of Defendant-Appellant's Motion for an Interim Stay, Doc. No. 6.

P.O. Box 368
Houston, Texas 77001-368
900 Bagby, 4th Floor
Houston, TX 77002
Ph: 832.393.6251
Fax: 832.393.6259
Telephone (Peddie): 832.393.6463
Telephone (Amis): 832.393.6464
collyn.peddie@houstontx.gov
brian.amis@houstontx.gov
lori.yount@houstontx.gov
darah.eckert@houstontx.gov

Rick Anderson
HUSCH BLACKWELL LLP
600 Travis St., Suite 2350
Houston, Texas 77002
Telephone: (713) 647-6800
Facsimile: (713) 647-6884
Rick.Anderson@huschblackwell.com

**Defendant:** Midtown Management District

**Defendant Midtown Management District's District Court Counsel:**

Britton B. Harris
Attorney in Charge
Harris Hilburn P.L.L.C.
1111 Rosalie
Houston, Texas 77004
Telephone: (713) 223-3936
Facsimile: (713) 224-5358
bharris@hhstxlaw.com

Brett Sileo
Harris Hilburn, PLLC.
1111 Rosalie
Houston, Texas 77002

Telephone: (713) 223-3936
Facsimile: (713) 224-5358
bsileo@hhstxlaw.com

**Plaintiffs' Former District Court Counsel:**

Anastasia Boden
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
aboden@pacificlegal.org

Laura D'Agostino
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
ldagostino@pacificlegal.org

**Owners of Plaintiffs – Appellees/Cross-Appellants:**

Gerald "Jerry" Thompson, co-owner
Theresa Thompson, co-owner

*/s/ Erin E. Wilcox*
Erin E. Wilcox

## INTRODUCTION

After a four-day bench trial, the district court held that Houston's race-based public contracting program violates the Equal Protection Clause and permanently enjoined the City from administering its race-conscious provisions. The ruling rested on Houston's own admissions: in the last five years, the City has identified no specific violation of the Constitution or a statute in its public contracting awards, and its program is not meant to remedy any. Houston has now waited more than three months after judgment to ask this Court for an interim stay and a stay pending appeal. A stay is "not a matter of right," and Houston has not carried its burden for this extraordinary request. The Court should deny Houston's motion.

## BACKGROUND

### I. Procedural History

Plaintiffs-Appellees (Plaintiffs) are two small, family-owned landscaping companies that have operated in the Houston area since 2006. *Landscape Consultants of Tex., Inc. v. City of Houston*, No. 4:23-cv-03516, 2026 WL 2170880, at *6 (S.D. Tex. July 28, 2026). Approximately ninety percent of each company's annual revenue comes from winning

local government contracts, including with Houston. *Id.* Plaintiffs are not certified as minority or woman-owned business enterprises (MWBEs) and do not qualify as MWBEs when bidding on Houston public contracts. *Id.* Houston's MWBE ordinance imposes a nineteen percent MWBE utilization goal on landscaping contracts, up from eleven percent prior to 2025. *Id.* This means that when Plaintiffs bid on Houston contracts, they must subcontract out nineteen percent of the contract's value to a competitor MWBE subcontractor. *Id.* at *4. The same requirement does not apply to bidders who are certified MWBEs; those bidders may self-perform the MWBE requirement with their own workers. *Id.*

Plaintiffs filed this lawsuit in September 2023, seeking, among other things, an order permanently enjoining Houston's MWBE program or using similar racial preferences in the award of public contracts. ECF No. 1.[2] After a four-day bench trial, the district court found in favor of Plaintiffs, concluding that "[w]hether analyzed under Harvard or under the Fifth Circuit's longstanding remedial-equal-protection cases, Houston is required to identify concrete, particularized discrimination

[2] All ECF citations refer to the docket in the United States District Court for the Southern District of Texas, Houston Division, No. 4:23-cv-03516.

and demonstrate that its use of race is necessary to remedy that discrimination. Houston has not done so." *Id.* at *12. After considering actual success on the merits, the substantial threat of injury, balance of harms, and the public interest, the district court declared the racial aspect of Houston's MWBE program unconstitutional and permanently enjoined Houston from administering the race-conscious portions of its public contracting program. *Id.* at *14.

The district court denied Houston's subsequent Fed. R. Civ. P. 59(e) motion to alter or amend the district court judgment and Houston's motion to stay the district court's injunction pending appeal. ECF No. 177. Both motions raised the same argument Houston brings yet again on appeal to this Court: that *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College* and *Louisiana* v. *Callais* do not apply to this case.

## II. Legal Standard

On appeal, Houston asks this court for permission to continue discriminating against Plaintiffs and their fellow contractors while this appeal proceeds. Such an extraordinary request "is not a matter of right"—it is "an intrusion into the ordinary processes of administration

and judicial review." *Nken v. Holder*, 556 U.S. 418, 427, 433 (2009) (cleaned up).

Houston bears the burden of showing that the circumstances justify this intrusion. *Id.* at 433–34. Courts consider four factors when evaluating whether a moving party has met its burden:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are "the most critical." *Id.*

## ARGUMENT

### I. Stay Pending Appeal Is Unwarranted

#### A. Houston Is Unlikely to Succeed on the Merits of Its Appeal

The district court decision did not misinterpret well-settled remedial equal protection precedent. Houston's insistence to the contrary—based on no new evidence or caselaw—does not make it likely to succeed on the merits of this appeal.

The requirement that the government specifically identify instances of discrimination before using a racial remedy is not new, and

it's not even new to public contracting. In *City of Richmond v. J.A. Croson Co.*, a challenge to racial set-asides in Richmond public contracting, the Supreme Court held that the government must identify the discrimination it seeks to remedy "with some specificity." 488 U.S. 469, 504 (1989). The Supreme Court echoed this requirement a few years later in *Shaw v. Hunt*, where it required "identified discrimination," supported by a strong basis in evidence, rather than a generalized assertion of societal discrimination. 517 U.S. 899, 909–10 (1996). And in *Dean v. City of Shreveport*, this Court required "strong evidence of past discrimination warranting the remedy." 438 F.3d 448, 455 (5th Cir. 2006). In *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, the Supreme Court clarified what it has been saying since *Croson*: "specific, identified instances of past discrimination that violated the Constitution or a statute" are required to justify remedial racial classifications. 600 U.S. 181, 207 (2023). After *Louisiana v. Callais*, 608 U.S. 85 (2026), this requirement is well-settled and unavoidable.

Houston will not satisfy this requirement. Houston admits it has identified no specific constitutional or statutory violations related to its public contracting or procurement process or awards in the last five

years. *Landscape Consultants*, 2026 WL 2170880, at *2. Houston has not identified a single prime contract award based on intentional discrimination against minority bidders or disciplined any employee or official for discrimination in public contracting awards. *Id.* Houston even admits that its race-based public contracting program "is not intended to remedy any single specific, past violation of the U.S. Constitution." *Id.* (citing *Joint Admissions of Fact*, ECF No. 118-5 at ¶ 34).

Houston's 2024 MGT Study does not alter these admitted facts. Plaintiffs presented expert testimony attacking the study's methodology, and the Court ultimately found Houston's evidence insufficient. *Id.* at *12; ECF No. 167 at 10. The Study's flaws were evident even without expert testimony: its author compared unlike firms, mixed prime and subcontracting dollars, distorted utilization with publicly traded corporations, and still produced results showing parity in the landscaping services category. ECF No. 151 at 55:23–93:3. Most importantly, the Study does not include "specific, identified instances of past discrimination that violated the Constitution or a statute." *Landscape Consultants*, 2026 WL 2170880, at *11. Houston never contends that it does. Without specifically identifiable discrimination,

Houston has no likelihood of successfully defending its race-conscious program on appeal.

**B. Administrative Inconvenience Is Not "Irreparable Harm"**

After trial, the district court expressly held that "the infringement of the Plaintiffs' Fourteenth Amendment rights outweighs any hardship on Houston." *Landscape Consultants*, 2026 WL 2170880, at *13. More than three months later, Houston offers no new evidence that justifies reversing that conclusion. Instead, Houston presents a litany of administrative tasks—revising participation goals, retraining staff, and reissuing guidance—dressed up as "one-way, irreversible administrative harm." App. Mot. at 6. In other words, Houston's claimed irreparable injury is that obeying the district court judgment will require it to stop discriminating.

The district court' s injunction does not require Houston to "unwind" or "suspend[]" its public contracting program. *Id.* Only the race-conscious aspect of Houston's program is enjoined; Houston may continue to administer every race-neutral feature of its procurement process. *Landscape Consultants*, 2026 WL 2170880, at *14. The only thing the

district court's injunction prevents Houston from doing is continuing to racially discriminate.

In fact, Houston appears to already be excising the racial aspects from new bids advertised through the City's procurement portal. A recent search of open City bid solicitations set only race-neutral Small Business Enterprise (SBE) goals and Woman-owned Business Enterprise (WBE) goals, the two set-asides not challenged or enjoined in this lawsuit. *See, e.g.*, CSP-2026-0010 (WBE: 5%; SBE: 13%) https://tinyurl.com/4cbcxyb6; CB-2026-0068 (WBE: 0%; SBE: 0%) https://tinyurl.com/3uxusvdz; CB-2026-0064 (WBE: 3%; SBE: 9%) https://tinyurl.com/ye2xuw27.[3] There is no indication that complying with the district court's injunction has caused Houston any harm at all, let alone irreparable harm.

This Court rejected a substantially stronger argument than Houston's in *U.S. Navy SEALS1-26 v. Biden*, 27 F.4th 336 (5th Cir. 2022). In that case, the Navy claimed that an injunction would interfere

---

[3] Courts may take judicial notice of information posted on government websites. *See, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the National Mediation Board published on agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of agency website).

with military deployment and operational decisions and could leave units shorthanded. *Id.* at 353. This Court nonetheless found no irreparable injury because the injunction prohibited only the unlawful basis for the challenged decisions while leaving the Navy free to act on neutral grounds. *Id.* Houston, in contrast, identifies no procurement that cannot proceed without discrimination, no contract that must be cancelled due to the injunction, and no reason its procurement system (which appears to already be functioning on race-neutral terms) cannot continue to do so while this appeal proceeds.

Nor is the government automatically entitled to a stay pending appeal anytime it is enjoined from enforcing a "duly enacted program." App. Mot. at 6. The cases Houston relies on do not hold otherwise. *Students Engaged in Advancing Texas v. Paxton*, 177 F.4th 665 (5th Cir. 2026), and *Texas Alliance for Retired Americans v. Hughs*, 976 F.3d 564, 568 (5th Cir. 2020), both reviewed preliminary injunctions based on necessarily bare records. *Paxton*, 177 F.4th at 669; *Hughs*, 976 F.3d at 565. *Veasey v. Abbott*, 870 F.3d 387 (5th Cir. 2017), and *Planned Parenthood of Greater Texas v. Abbott*, 734 F.3d 406 (5th Cir. 2013), were each emergency appeals due to immediate statutory deadlines. Here, the

Court has the benefit of a fully litigated action resulting, after a four-day bench trial, in the determination that Houston's forty-two-year-old race-based public contracting program is unconstitutional.

### C. Ongoing Constitutional Violation Is Not a "Modest Delay in Relief"

At trial, the district court expressly found that Houston's race-based public contracting program "will cause an irreparable injury" to Plaintiffs. *Landscape Consultants*, 2026 WL 2170880, at *13. It further found that "the infringement of the Plaintiffs' Fourteenth Amendment rights outweighs any hardship on Houston." *Id.* Offering no new facts to disturb this finding, Houston remarkably asks this Court to downgrade this ongoing constitutional violation from irreparable injury to a "limited" and "modest delay" that is outweighed by Houston's interest in avoiding disruption to its unconstitutional program. App. Mot. at 7.

Houston claims Plaintiffs remain "free to bid on future City contracts" and to "continue to perform an existing City contract," so that a "stay of limited duration imposes, at most, a modest delay in relief." *Id.* at 9. But Plaintiffs' constitutional injury has never been that Houston prevents them from bidding on public contracts, it is that Houston forces them to compete under a system that distributes advantages and

burdens according to race. The district court determined that Houston's program subjects Plaintiffs to unequal treatment, alters the terms on which they compete, and inflicts present, concrete economic injury. *Landscape Consultants*, 2026 WL 2170880, at*9–10. The Supreme Court has long held that in a challenge to a race-conscious public-contracting program, the relevant injury is the "inability to compete on an equal footing in the bidding process, not the loss of a contract." *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 666 (1993). Remaining "free to bid on future City contracts" does not remedy Plaintiffs' injury. It describes it.

Nor would the delay imposed by a stay be a "modest delay in relief" for Plaintiffs. App. Mot. at 7. Plaintiffs endured more than three years (and counting) of litigation and prevailed on the merits in district court to earn the opportunity to compete for Houston public contracts on a race-neutral basis. Instead of complying with that judgment while pursuing its right to appeal, Houston demands Plaintiffs accept ongoing constitutional injury so that Houston may avoid "disruption." *Id.* Plaintiffs have waited long enough to compete on equal terms.

### D. There Is No Public Interest in Houston's Continued Racial Discrimination

Houston offers no new evidence or caselaw to disturb the district court's determination that "there is no public interest in permitting the government to continue enforcing an unconstitutional race-based policy." *Landscape Consultants*, 2026 WL 2170880, at *13. Instead, Houston repackages its administrative inconvenience argument as public interest, contending that the "orderly administration of municipal contracting" and inconveniencing "vendors and subcontractors" with "successive changes" outweigh the public's interest in its government complying with the Constitution. App. Mot. at 7. But the public has no interest in preserving unconstitutional racial discrimination because City employees have grown accustomed to discriminating or because vendors may be inconvenienced by change.

This Court has repeatedly recognized that injunctions vindicating constitutional rights are "always in the public interest." *Polk v. Crawford*, 184 F.4th 715, 729 (5th Cir. 2026); *see also Ingebretsen ex rel. Ingebretsen v. Jackson Pub. Sch. Dist.*, 88 F.3d 274, 280 (5th Cir. 1996) (injunction is in the public interest where statute is unconstitutional); *Texas v. Biden*, 20 F.4th 928, 1001 (5th Cir. 2021) (there is a public interest in the

government obeying the law). Like anyone else, the government must obey the law while it seeks judicial review.

## II. The District Court Injunction Did Not Create an Emergency

The district court's permanent injunction is currently in effect. Not only is the City "obligated to comply with it immediately," App. Mot. at 8, it has been obligated to comply with the injunction since it was issued on July 28, 2026. *Landscape Consultants*, 2026 WL 2170880. Houston now asks this Court for an interim stay of the district court's injunction while the instant motion is pending. App. Mot. at 8.

Yet Houston offers no emergency or exigent circumstances that necessitate relief even more extraordinary and intrusive than a routine motion to stay. Houston also offers no reason why it waited more than three months to seek this remedy. Houston states only that an interim stay saves the City from having to take "unnecessary" administrative steps that cannot "practicably be reversed" if a stay is granted. *Id*. What Houston actually wants is permission to continue discriminating despite a permanent injunction from a federal court.

Far more significant than Houston's administrative inconvenience are the contracting opportunities Plaintiffs will lose during appellate

review that cannot later be recreated. The same irreversibility that Houston contends warrants an immediate interim stay does not become trivial when it deprives Plaintiffs of equal treatment instead.

## CONCLUSION

After a four-day bench trial, the district court determined that Houston's race-based public contracting program is unconstitutional, that Plaintiffs-Appellees face irreparable injury, that their injury outweighs any hardship to Houston, and that the public interest favors immediately and permanently enjoining Houston's intentional racial discrimination. Houston now asks this Court to further delay Plaintiffs' hard-won relief during appeal. Houston offers no evidence to disturb the district court's reasoned judgment, and this Court should deny Houston's motion for an interim stay and for a stay of the injunction pending appeal.

DATED: November 6, 2026. Respectfully submitted,

DEAN M. MCGEE
Pacific Legal Foundation
3100 Clarendon Blvd., Ste. 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Facsimile: (916) 419-7747
DMcGee@pacificlegal.org

ERIN E. WILCOX
JOSHUA P. THOMPSON
Pacific Legal Foundation
555 Capitol Mall, Ste. 1290
Sacramento, California 95814
Telephone: (916) 419-7111
Facsimile: (916) 419-7747
EWilcox@pacificlegal.org
JThompson@pacificlegal.org

*Attorneys for Plaintiffs–Appellees / Cross-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/ Erin E. Wilcox*
Erin E. Wilcox

## CERTIFICATE OF COMPLIANCE

1. This document complies with [the type-volume limit of Fed. R. App. P. 27(d)(2) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

X this document contains 2,586 words, or

☐ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of FED. R.APP. P. 32(a)(5) and the type-style requirements of FED. R.APP. P. 32(a)(6) because:

☐ this document has been prepared in a proportionally spaced typeface using [state name and version of word-processing program] in [state font size and name of type style], or

☐ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

DATE: November 6, 2026.

*/s/ Erin E. Wilcox*
Erin E. Wilcox